The Circuit Court of Colbert County modified a prior divorce decree. The modification increased the amount of child support the father was required to pay. The father appeals and this court affirms.
The primary dispositive issue on appeal is whether the trial court abused its discretion by increasing the amount of child support. As indicated, we find no such abuse of discretion requiring reversal. *Page 304 
Viewing the record with the attendant presumptions accorded the trial court's action after an ore tenus hearing, the following is pertinently revealed. The mother and father were divorced in 1971. There were two children born of the union. The mother was given custody of the children. The father was required to pay $150 per month child support. One of the children is no longer a minor and the remaining minor child is a seventeen year old male. Both mother and father have remarried since the divorce.
The father earns approximately $30,000 per year and has an estate of over $100,000. The mother is employed and earns less than $10,000 per year.
After the divorce, the minor child lived for approximately seven years with the mother. While it is not necessary to detail the minor's problems, suffice it to say he had begun having difficulties. He was involved with drugs and failed the 1977-78 school year.
In 1978, the minor went to live with the father in Sheffield, Alabama. Thereafter, the minor child made remarkable progress. Specifically, he became editor of his high school annual and active in religious activities. However, in January of 1980, the father and the child had an "argument." The father struck the child in the eye with his fist. There is evidence that the child attempted to reconcile with his father, but the father refused to allow the child in the house.
Thereafter, the child returned to the mother's home. He remained there for approximately six weeks. Fearful that the child might return to his "old habits" it was determined that the child should return to Sheffield and live with his paternal aunt. There is some evidence that the father asked the aunt not to allow the child to live with her.
In any event, the child went to live with the aunt. The aunt testified the child is doing well in school and is active in his church.
Thereafter, as indicated, the mother sought an increase in child support payments and, with the above facts before it, the trial court ordered an increase.
Specifically, the trial court found that the needs of the minor child were $300 per month. The trial court ordered the father to pay $75 per week as child support, such support to be paid directly to the child. The father was also ordered to pay the necessary medical expenses.
At the outset, we note that our rule of review in cases where the trial court makes findings after hearing the evidence oretenus is to indulge every presumption in favor of those findings. Scott v. Gill, Ala.Civ.App., 352 So.2d 1143 (1977). In those cases the trial court's judgment will not be reversed unless plainly erroneous or manifestly unjust, and must be affirmed if supported by credible evidence. Raidt v. Crane, Ala., 342 So.2d 358 (1977); Gann Lewis Roofing Co. v. Sokol, Ala.Civ.App., 359 So.2d 815 (1978); 2A Ala. Digest, Appeal Error Key 1010.1 (1).
As we perceive the father's brief, it is first contended that the amount of child support as ordered is excessive.
Suffice it to say, there is evidence to support the award. The mother and child testified that approximately $300 per month was needed to sustain the child. Put another way, there is evidence of "need" and "means."
The needs of the child and the means of the parents determine whether a modification of child support on the basis of changed conditions should be granted. The trial court has a discretion to exercise in child support modification cases, and its judgment will not be disturbed on appeal unless the evidence shows it to be plainly and palpably wrong. Childress v.Childress, Ala.Civ.App., 378 So.2d 1147 (1979); Murphree v.Murphree, Ala.Civ.App., 366 So.2d 1132 (1979).
In relation to the father's first contention, he additionally argues that it was error for the trial court to require that payments be made directly to the child. *Page 305 
While direct payments are unusual and in general should be avoided, under the facts as indicated, we find no such abuse as to require reversal. This court particularly notes that the child is seventeen years old, not living at home, and is a well adjusted young person. Under such circumstances, we find no error in the trial court's action requiring direct payment of child support to the child.
The father next argues without benefit of citation of authority, that it was error to require the father to support the child, when the child will have "little to do with the father." In this instance, we find no error to require reversal.
The father's final contention is that the trial court erred in failing to require the mother to assist in the support of the child.
We do not deem it necessary to restate what we have previously said in Williamson v. Williamson, Ala.Civ.App.,391 So.2d 115 (1980); and Thomason v. Thomason, 53 Ala. App. 206,298 So.2d 627 (1974). Suffice it to say the mother's income was less than $10,000; the father's was approximately $30,000 with an estate of over $100,000.
The trial court did not abuse its discretion in failing to require the mother to assist in the support of the child.
The mother requests this court to dismiss the father's appeal for being untimely filed. The motion is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.