This is a divorce case.
Jo Ann Wall Campbell and Lamar McWhorter Campbell were divorced on October 25, 1974. Under a divorce agreement which was incorporated into the decree, the husband was to pay $1,500 per month alimony from November 1, 1974 through November 1, 1975 and thereafter $1,250 per month. Mrs. Campbell received the family home in Birmingham and assumed a $35,000 mortgage on the property. Household items were also divided. Dr. Campbell took title to certain real estate in St. Clair County, and stocks and cash were split between the parties. At the time of the divorce the couple had one remaining minor child, Sarah, of whom Mrs. Campbell was given custody. The agreement recited that Dr. Campbell was to pay $250 per month child support "until the said Sarah Margaret Campbell reaches the age of twenty-one (21) years, or marries, or otherwise becomes emancipated, whichever shall occur first." On October 21, 1981 Mrs. Campbell filed a petition to modify, claiming that her expenses had increased and that the $1,250 in monthly alimony was insufficient to meet her needs. Subsequently, on January 5, 1982, she also filed a petition for a rule nisi, claiming that Dr. Campbell had failed to make child support payments. The court, in an order dated April 12, 1982, increased Mrs. Campbell's alimony payments by $200 to $1,450 per month and assessed an arrearage of $8,500 in child support against Dr. Campbell. He was also charged interest of $2,901.97 on the arrearage. Following a denial of the husband's motion for a new trial or to alter, amend, or vacate the judgment, Mrs. Campbell has appealed to this court on the issue of alimony, and Dr. Campbell has taken a cross-appeal on the issue of child support.
Mrs. Campbell bottoms her appeal on the issue of alimony on the contention that an increase of $200 per month was so inadequate as to constitute an abuse of the trial court's discretion in light of evidence that her living expenses had increased and that her other income had decreased since the divorce. She says that she left college at the time of her marriage to Dr. Campbell in 1949 and that she never completed her education, thus making it difficult for her to compete in the job market. She argues that a greater increase in alimony is necessary because the real estate business in which she has been engaged since she became licensed in 1976 has suffered from the recession and has produced no income for her in 1982. These facts, she claims, have caused her standard of living to decrease and have demanded that she spend money awarded to her in the property settlement. In further support of her position, she claims that Dr. Campbell's income from his ophthalmology practice and other investments has increased.
In dealing with a divorce case where the evidence is heard orally, we must apply that standard of review known as the ore tenus rule. This rule prevents us from substituting our own judgment for that of the trial court which heard and weighed the evidence. It therefore demands that we clothe the trial court's findings with a presumption of correctness to the point that a reversal is mandated only if we find gross abuse of discretion or palpable error. Dennis v. Dennis, 383 So.2d 187
(Ala.Civ.App. 1980).
Our review of the record in the instant case does not reveal such an abuse of discretion which would mandate a reversal, and we affirm. Mrs. Campbell claims in her brief that she requires a monthly income of $2,340.10 to meet her living expenses. Evidence adduced at trial indicates that she has income from other investments and a wraparound mortgage, arising from the sale of the couple's former residence. She, herself, testified that she received $949.20 per month under the wraparound which, after her mortgage payment of $295.60 per month, nets her $653.60 per month. This figure, coupled with her increased alimony payments of $1,450, gives her a minimum monthly income of *Page 850 
$2,103.60. This amount itself brings her close to the amount that she testified at trial would be necessary. Moreover, the record reveals that Mrs. Campbell has money invested in a money market mutual fund and a municipal bond fund, both of which produce income for her, and also investments in a tax deferred annuity arrangement. These investments produce income which will give Mrs. Campbell the ability to meet her month-to-month needs of $2,340.10. Mrs. Campbell, however, argues that her husband's income from his ophthalmology practice and other investments has increased over the years. Our courts have consistently said that an increase in the husband's income is insufficient, in and of itself, to justify an increase in an award of alimony to the wife. See Capra v. Capra, 56 Ala. App. 90, 319 So.2d 286 (Ala.Civ.App. 1975); O'Neal v. O'Neal,284 Ala. 661, 227 So.2d 430 (1969). For the foregoing reasons we find that the evidence in the record supported the trial court's decision and that an increase of $200 per month in alimony was not an abuse of the trial court's discretion.
Dr. Campbell, by way of cross-appeal, argues that the trial court erred in finding that he owed an arrearage of $8,500 in child support payments. The parties' agreement which was incorporated into the divorce decree of October 25, 1974 provided that child support payments were to continue "until the said Sarah Margaret Campbell reaches the age of twenty-one (21) years, or marries, or otherwise becomes emancipated, whichever shall occur first." Dr. Campbell contends that he was relieved of his duty to make child support payments when his daughter reached the legal age of nineteen on April 9, 1976. It is his position that the enactment of section 26-1-1, Code 1975, which lowered the statutory legal age in Alabama from twenty-one to nineteen caused Sarah to become emancipated by operation of law on her nineteenth birthday. Mrs. Campbell, however, argues that the assessment of the $8,500 arrearage against her former husband was proper. She contends that the term "otherwise becomes emancipated" was intended by the parties to mean "becomes financially independent" and that they did not contemplate that a change in the statutory legal age would affect child support payments.
In Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App. 1978), we had occasion to consider a child support payment provision in a divorce decree which provided that the father was to continue making payments "until each of the said minor children obtains the age of 21, is fully self-supporting, married, or dies." We held that the enactment of section 26-1-1, Code 1975, caused the father's obligation to make child support payments to cease when his children reached the age of nineteen, noting that "[t]he fixing of the age of majority is within the sphere of the legislature not the courts." (Citations omitted.) In our later decision of Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App. 1980), we dealt with an appeal from the granting of a petition to modify a divorce decree which incorporated an agreement of the parties concerning child support. There, we held that the trial court's modification of the prior decree to relieve the father of his obligation to make child support payments and to pay educational expenses for his children on their nineteenth birthday was improper. We found that the lowering of the legal age from twenty-one to nineteen under section 26-1-1, Code 1975, did not, in and of itself, create a sufficient showing of changed circumstances which would relieve the father of his obligation to make support payments under the divorce agreement. Thus, from the logic of our prior decisions, a distinction emerges between those cases such as Davenport,supra, in which the obligation to make child support payments is based on a court-ordered decree and Ralls, supra, and the instant case in which the father's obligation to provide support arises from an agreement of the parties which has been incorporated into the divorce decree.
The instant appeal involves a support agreement which, as we have pointed out, required the father to make support payments "until the said Sarah Margaret Campbell reaches the age of twenty-one *Page 851 
(21) years, or marries, or otherwise becomes emancipated, whichever shall occur first." (Emphasis supplied.) In its April 12, 1982 order the trial court apparently construed the terms of the divorce agreement to agree with the wife that the phrase "otherwise becomes emancipated" was not intended by the parties to relieve the father of his obligation to make support payments because of the change in the statutory legal age in Alabama. It is of course proper for a trial court to construe the terms of an ambiguous divorce agreement which has been incorporated into a judgment, and in so doing it must base its construction on a meaning which would reflect the intent of the parties. Price v. Price, 360 So.2d 340 (Ala.Civ.App. 1978);Reeder v. Reeder, 356 So.2d 202 (Ala.Civ.App. 1978). Here, the trial court was faced with a divorce agreement which provided that child support payments were to end when one of three contingencies occurred. The first of these contingencies dealt with age — i.e., support payments were to cease when the daughter reached the age of twenty-one — and the trial court apparently concluded that the parties' use of the phrase "otherwise becomes emancipated" was not also intended by them to relate to a change in age. The trial court apparently found that the terminology was included in the divorce agreement to cover some other contingency such as the possibility of the daughter's attaining financial independence.
In other words, since "support until 21" was a voluntary agreement and remains in effect under our prior decisions, the determinative question is what "otherwise emancipated" means.
The phrases "until age 21" or "until age of majority" were interchangeable at the time the agreement was made. Therefore, if "otherwise emancipated" were read to mean "until age of majority," as the father in effect contends, it creates an illogical redundancy. One would hardly contend the agreement was to support the daughter until age twenty-one or marriage or age nineteen. Thus "otherwise emancipated" must refer to something other than age. Since the trial court's construction of the parties' support agreement was not contrary to the terms of the agreement, itself, or the evidence in the case, it is due to be affirmed.
Mrs. Campbell's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.