This is a domestic relations case.
The husband appeals the circuit court's modification of child support and the awarding of attorney's fees.
The parties to this appeal were divorced in 1977. The wife was awarded custody of the only minor child and the husband was required to pay $300 a month in child support. In 1982 the decree was modified to increase child support payments to $600 per month. In addition, the trial court ordered the husband to pay the wife's attorney's fees. The husband, through able counsel, appeals and we affirm.
The dispositive issues on appeal are whether the trial court so abused its discretion as to require reversal in increasing child support and whether the trial court erred in awarding attorney's fees.
A trial court's modification of a prior decree for child support, because of changed circumstances of the parties, is a matter within the trial court's sound discretion. We will not reverse unless the trial court's determination is so unsupported by the evidence as to be plainly and palpably wrong. Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979).
Furthermore, this court has held that the increase in age of minor children and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances and support a modification. Young v. Young,supra. All of these factors in varying degrees are present in the instant appeal.
In the present case, the husband's income has increased substantially since the original decree. His income tax return for 1981 reflected a total income of approximately $60,000. His income at the time of the divorce was some $30,000. In addition, the husband has acquired a fair amount of real property which he owned "free and clear" at the time of the modification hearing. The husband is in the process of building a home at a cost of $80,000 and he owns other buildings. The husband further testified that since 1978 he has spent approximately $150,000 acquiring land and buildings. At the time of the modification hearing the husband's property was unencumbered.
The wife testified that she earns a fixed income or salary of $14,000 a year plus commissions. She testified to earning approximately $20,000 the previous year. The wife also testified as to the needs of the child. While some of the expenses testified to might border on luxury and not need, there is evidence of some increase in need. *Page 576 
In view of the above presumptions, the husband's increased ability to pay and the testimony regarding the child's needs, we find that the trial court did not abuse its discretion in increasing child support required to be paid by the father. We so find even in view of the fact that the mother does have income as mentioned earlier.
The husband next contends that the trial court erred in awarding attorney's fees.
Award of attorney's fees in cases of this nature is a matter within the sound discretion of the trial court. Young v. Young,supra.
This court has held that there are three factors to be considered in determining whether the trial court properly exercised its authority: 1) the earning capacity of the parties; 2) the results of litigation; and 3) the labor and skill involved. Peterson v. Peterson, 403 So.2d 236
(Ala.Civ.App.), cert. denied, 403 So.2d 239 (Ala. 1981).
In the present case the proceedings commenced with the husband's petition to modify. All issues were settled except child support and attorney's fees. The wife was successful in increasing child support. There was expert testimony concerning the labor and skill and the expense involved. The husband's financial capacity, as discussed previously, is more than double the wife's. It is apparent that between the two, the husband is in a better position in that regard. Clearly, there was sufficient evidence to support the trial court's actions.
Following the guiding principles set forth above, this court cannot say the trial court erred in its determination of child support and the awarding of attorney's fees. To do so would be to substitute our judgment for that of the trial court. This we cannot do. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707
(1975).
The wife has requested an attorney's fee for her representation on appeal. In view of the rather liberal award of child support, coupled with the wife's earning capacity, the request is denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.