BRADLEY, Judge.
This is a child support modification case.
The father, the defendant in the original divorce proceeding, filed a petition in the Circuit Court of Tuscaloosa County seeking to have child support payments reduced to $450 per month. A prior support order had required the father to pay $900 per month for his two children by his former wife, the plaintiff in the original divorce case. The basis for the requested reduction in child support payments was that the son was no longer living with the plaintiff but was living with and being supported by the paternal grandmother.
The* plaintiff counterclaimed by requesting an increase in child support. After an evidentiary hearing the trial court awarded the plaintiff $750 per month for the support of the daughter. The court concluded that the son would reach his majority in six months and that the issue for decision would be confined to the support of the daughter. The plaintiff appeals and contends that the amount awarded for the support of the daughter is inadequate.
The trial court’s modification of a prior child support decree, because of changed circumstances of the parties, is a matter within the trial court’s discretion, and the exercise of that discretion will not be reversed unless the trial court’s decision is so unsupported by the evidence as to be *406 plainly and palpably wrong. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983). Also, we have decided that a need for additional support arises when a child advances in age, especially when increased inflationary pressures are present. These factors constitute changed circumstances and warrant a modification in child support awards. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
The evidence in the case at bar shows that the father, a chiropractor, netted about $103,000 in 1983. The plaintiff’s income was about $530 per month. The daughter, who is in the eleventh grade, also worked after school and on the weekends. Her income amounted to about $250 per month.
The plaintiff testified that her expenses amounted to $1,657 per month. She said she needed $1,147 per month in child support so that her daughter could stop working and all of their bills could be paid. As noted above, the trial court awarded the plaintiff $750 per month for the daughter’s support.
Based on the facts contained in the record, a portion of which is set out above, we do not find that the amount awarded as child support by the trial court is so unsupported by the evidence as to be plainly and palpably wrong. The trial court’s judgment is, therefore, affirmed.
The plaintiff's request for an attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.