Mrs. Taylor (the mother) petitioned the Circuit Court of Houston County to recognize and enforce the parties' Florida judgment of divorce as to child support and to increase that support.
After an ore tenus evidentiary hearing before the trial court in May 1985, at which time both parties testified, the trial court modified the final judgment of divorce by increasing child support from $433 each month to $600 per month. The father was further ordered to pay his arrearage of child support, which was ascertained to be $2,065, and to pay $500 towards the professional services which were rendered in the case by the mother's attorney. The father *Page 1296 
duly appealed after his motion for a new trial was overruled.
It is contended by able counsel for the father that the case must be reversed because exemplified copies of the Florida divorce judgment were not introduced into evidence, were not attached to the mother's petition, and were not before the trial court.
The best evidence of a judgment of the court of a sister state from a practical standpoint is a copy of the judgment which has been duly certified pursuant to the second sentence of Rule 44 (a)(1), Alabama Rules of Civil Procedure, and, ordinarily, testimony of the contents of a trial court's judgment is not admissible since the original record, or a properly certified copy, is the best evidence of its official acts. Kroger Co. v. Puckett, 351 So.2d 582, 587 (Ala.Civ.App. 1977).
However, the mother testified without objection and without contradiction that the parties were divorced on February 28, 1978, by the Circuit Court of Jackson County, Florida, and that, under paragraph three of that judgment, the father was ordered to pay to the mother $433 each month as child support. A copy of the Florida circuit clerk's record of child support payments as paid by the father was likewise introduced into evidence without objection, with the mother testifying that the document had been furnished to her by the father. It was admitted in the father's answer to interrogatories that he is obligated to pay child support of $433 monthly, and he testified as to his divorce from the mother. On one occasion the father petitioned the Florida court to reduce the amount of child support, but modification was denied. The present proceeding is the only modification of child support ever sought by the mother.
It would have been preferable and better practice for the mother to have introduced into evidence a properly certified copy of the Florida divorce, but she did not do so. The question before us is whether the foregoing evidence concerning the child support provisions of the Florida judgment was competent and sufficient proof thereof.
Once illegal evidence is admitted without objection, it is properly admitted, and the trier of facts is free to consider it without limit as to weight or purpose. Small v. ColumbianaPole Timber Co., 433 So.2d 1148 (Ala. 1983); Ex parte Neal,423 So.2d 850 (Ala. 1982); Kroger Co., 351 So.2d 582, 588. Accordingly, such testimony adequately and competently proved the Florida divorce judgment as to child support.
It is also argued that the trial court's final judgment did not specifically recognize the Florida divorce judgment. The language as utilized by the trial court was "it is ORDERED AND ADJUDGED: (1) that final judgment of divorce is modified to increase child support to $600.00 per month, . . .; (2) that defendant is in arrears in the payment of child support in the amount of $2,065.00. . . ."
We know of no rule that requires the use of any particular language by a trial court of this state in recognizing, enforcing, and/or modifying a child support judgment of the court of another state. The language used in the trial court's final judgment is most general in that respect, but, when the mother's complaint is considered in connection with the final judgment, it is clear enough that the trial court enforced, recognized, and modified the Florida judgment which divorced the parties.
The father further contends that the trial court abused its discretion by increasing his child support payments from $433 to $600 each month inasmuch as he testified that he would lose his present employment only a few days after the trial of the case.
The mother's evidence rather clearly indicated that additional money was needed by her for child support because of intervening inflation and because of the increased needs of their three sons, who were seven, four, and one year of age when the divorce was granted in 1978. The father testified *Page 1297 
that he does not deny that the mother is in need of more child support. He stated that he was not testifying that he could not pay additional child support to her.
At the time of the divorce, the father's monthly income was $1,200, plus some fringe benefits. In May 1985, he was a pilot for a helicopter charter service on St. Maarten Island and earned a salary of $2,000 per month, which was paid to him in cash. His income at the time of the trial exceeded his "itemized" expenses by $217 monthly. The father shares an apartment with the president of his corporate employer, with each of them paying one-half of the total monthly rent of $1,300. He stated that his employer was closing its business at the end of May 1985, but that he tentatively has employment by two entertainers commencing in June 1985, as the captain of their helicopter and as the co-pilot of their Lear jet at a salary of $30,000 per year. The father is a highly qualified pilot of helicopters and of fixed-wing aircraft which weigh less than 12,500 pounds.
If a material change in the circumstances of the parties occurs, a trial court in its discretion may modify child support, and its decision in that regard will not be changed on appeal except for an abuse in the exercise of that judicial discretion. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985). In child support modification cases which are presented to the trial court ore tenus, its decision thereon is presumed to be correct and will not be disturbed on appeal unless it was not supported by the evidence or was palpably wrong. Craddock v.Craddock, 453 So.2d 1321 (Ala.Civ.App. 1984). The ability to earn, as opposed to actual earnings, is a proper factor in deciding whether to terminate, increase, or reduce the amount of child support in modification proceedings. Ebert,469 So.2d 615.
After duly considering all of the evidence, we find no abuse of discretion in the child support increase which was granted by the trial court in view of the father's ability to earn and considering his prospective financial future. The trial court's judgment was supported by the evidence, and it was not palpably wrong.
Attorney's fees are ordinarily available in child support modification proceedings with the trial court having a discretion to exercise regarding the award and amount of such a fee. Ebert, 469 So.2d 615. A trial court is presumed to have knowledge from which it may set a reasonable fee for an attorney even when there is no evidence as to the reasonableness of an attorney's fee. Ford v. Massey,485 So.2d 1191 (Ala.Civ.App. 1986). There was no error in the award of a fee for the mother's attorney's services in the trial court.
Having considered all issues whereby reversible error was claimed and having found no such error, we affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.