This is a divorce case.
The parties to this proceeding were married in January 1973. On November 11, 1985 plaintiff-wife filed an action for divorce on the ground that the parties were incompatible and sought custody of the parties' fourteen-year-old son. On January 8, 1986 the father filed an answer and counterclaim in which he sought a divorce and custody of the parties' son. After a trial the court divorced the parties, granted custody of the son to the father and, among other things, awarded the wife an attorney's fee of $7,500. The husband appeals.
In brief here the husband contends that the trial court erred by allowing Dr. Michael Rosenbaum, a psychologist, to answer questions about the results of interviews with the husband. He says that the trial court violated the psychologist-patient privilege by allowing the questions to be answered. §34-26-2, Code 1975.
A careful examination of the record reveals that the husband's attorney did not object to questions propounded to Dr. Rosenbaum on the ground that they violated the privilege. In fact, the attorney informed the court that he did not object to questions propounded to the psychologist about interviews with the husband. The attorney stated to the court that he understood the psychologist's presence was to assist the court in its determination of child custody.
No objection having been made raising the psychologist-patient privilege as to the testimony of Dr. Rosenbaum, no ruling thereon was made by the trial court. Only rulings of the trial court can be reviewed on appeal.Bevill v. Owen, 364 So.2d 1201 (Ala. 1979). In the absence of a ruling by the trial court admitting the testimony of Dr. Rosenbaum over the assertion of the psychologist-patient privilege, we have nothing before us to review.
Husband's other contention is that the award of $7,500 to wife as an attorney's fee is excessive.
The record reveals that wife asked for an attorney's fee and there is a statement by wife's attorney that he had expended seventy to eighty hours on the case. There is no evidence as to the value of those services. However, the record on appeal contains almost 400 pages.
The award of an attorney's fee in a divorce case rests in the sound discretion of the trial court, and such an award will not be reversed except for an abuse of discretion. Robbins v.Robbins, 460 So.2d 1355 (Ala.Civ.App. 1984). In making such an award the trial court should consider such factors as the earning capacities of the parties, the financial circumstances of the parties, and the results of the litigation. Isham v. Isham, 464 So.2d 109
(Ala.Civ.App. 1985). Additionally, in the absence of proof of the reasonableness of attorney fees, the trial court may rely on its knowledge and experience as to the value of the services performed by the attorney. Robinson v. Robinson,381 So.2d 637 (Ala.Civ.App.), writ denied, 381 So.2d 641
(Ala. 1980).
Although the court did not state the ground of divorce, there is evidence in the record of physical abuse of the wife by the husband. Also, the record reveals that the wife worked and her take-home pay was $660 a month.
The husband operated a company that bought and sold timber. The evidence shows that the husband received net income from the business for the first nine months of 1985 of approximately $42,000. There was testimony that the husband received between $50,000 and $70,000 in net income from the business in 1984. The husband also receives a VA pension of $304 per month.
For the reasons set out above, we conclude that the trial court did not abuse its *Page 1236 
discretion as to the amount awarded as an attorney's fee.
The decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.