INGRAM, Judge.
The mother and father were divorced in October 1983. Pursuant to an agreement, the mother was awarded custody of the two minor children, and the father was ordered to pay child support. In September 1986, the mother petitioned the court to increase the amount of child support the father was presently paying. The father counter-petitioned for a temporary decrease in the amount of child support.
After an ore tenus hearing at which both parties testified, the trial court modified the final divorce decree by increasing child support from $900 each month to $1,200 per month. The father was also ordered to pay the mother $1,850 to pay her attorney. The father appeals.
The dispositive issues on appeal are whether the trial court so abused its discretion as to require reversal in increasing child support and whether the trial court erred in awarding attorney’s fees.
The law is clear that modification of child support, based on changed circumstances, is largely a matter within the judicial discretion of the trial court. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986). We will not reverse unless the trial court’s determination is so unsupported by the evidence as to be plainly and palpably wrong. Taylor, supra.
Furthermore, this court has held that the increase in age of minor children and the correlative increase in need for support, when coupled with the increase in the cost of living due to inflation, is sufficient to constitute a material change of circumstances and support a modification. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983). All of the above factors are present in the case before us now.
In the present case, the mother’s testimony indicates her need for additional child support due to intervening inflation and the increased needs of the children. She testified concerning her inability to meet expenses due to an increase in the cost of food, transportation, child care, activities, and clothing. Further, the record reveals *588 that the father’s 1986 gross income was $93,429.
In view of the above presumptions, the husband’s ability to pay, and the testimony regarding the children’s needs, we find that the trial court did not abuse its discretion in increasing child support required to be paid by the father.
The husband next contends that the trial court erred in awarding attorney’s fees. Award of attorney’s fees in cases of this nature is a matter within the sound discretion of the trial court. Taylor, supra. Such a determination will not be reversed by this court unless it is clearly shown that the trial court abused its discretion. Miller, supra. To do so would be to substitute our judgment for that of the trial court, and this we cannot do. Miller, supra. Suffice it to say that, after a careful review of the record, we cannot say that the trial court abused its discretion.
The mother has requested an attorney’s fee for her representation on appeal. In view of the rather liberal award of child support, coupled .with the wife’s earning capacity, the request is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.