HOLMES, Judge.
This is a child support modification case.
After an ore terms hearing the trial court denied the father’s request to reduce his child support obligation. The father, through able counsel, appeals and we affirm.
The father argues on appeal that the trial court erred in denying his request to modify his child support payments. He contends that there was a material change of circumstances in that he was terminated from his job and has not yet found other employment. In this instance we disagree.
If a material change in the circumstances of the parties occurs, a trial court in its discretion may modify child support, and its decision in that regard will not be changed on appeal except for an abuse in the exercise of that discretion. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986). Moreover, in child support modification cases which are presented to the trial court ore terms, its decision is presumed to be correct and will not be disturbed on appeal unless it was not supported by the evidence or was palpably wrong. Taylor, 486 So.2d 1294. Furthermore, the ability to earn, as opposed to actual earnings, is a proper factor in deciding whether to terminate, increase, or reduce the amount of child support in modification proceedings. Taylor, 486 So.2d 1294.
In view of the numerous decisions of this court on the issue of an abuse of discretion of the trial court in child support modification cases, we perceive no prece-dential value in relating all of the facts of the instant appeal. We do note, however, that although the father was terminated from his job, he did receive payment for his pension and profit-sharing plans, as well as for his severance and vacation pay. These sums were in the amount of approximately $62,000. Further, there was testimony that the father’s prospects for obtaining other employment soon were good. Furthermore, the father had only been unemployed for some six months. Additionally, the father had expended fairly large sums of money since his job was terminated.
In any event, suffice it to say that, after duly considering all of the evidence and in view of the attendant presumptions, we find no abuse of discretion by the trial court.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.