INGRAM, Presiding Judge.
The parties were divorced in September 1970. Incorporated into the divorce decree was an agreement between the parties stating, in part, that so long as the children were under the age of 21, the father would pay to the mother $75 per month per child. In January 1989, the mother filed a petition to modify the child support, contending that there had been a material change in circumstances. After an ore tenus proceeding, the trial court modified the child support payments to $375 per month for the one child still under the age of 21. The father appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in modifying the child support award.
The instant appeal involves a support agreement incorporated into the divorce decree. As pointed out above, this agreement requires the father to pay child support until the children are 21 years old. As stated in Campbell v. Campbell, 426 So.2d 848 (Ala.Civ.App.1983), under facts similar to those of the present case, “support until 21” was a voluntary agreement and remains in effect. Clearly, a decree which is based on an agreement providing for support to be paid by one of the parents after the children reach their majority can be entered and modified. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App.1981). Furthermore, the law is clear that modification of child support based on changed circumstances is largely a matter within the judicial discretion of the trial court. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986). We will not reverse absent an abuse of that discretion. Taylor, supra. Additionally, where evidence is presented ore tenus, the judgment of the trial court will not be set aside by this court unless it is plainly wrong or unjust. Taylor, supra.
In view of the numerous decisions of this court on the issue of abuse of discretion of the trial court in child support modification cases, we perceive no prece-dential value in relating all the facts of the instant appeal. We do note, however, that there was evidence of the increased needs and expenses of the one child still under the age of 21. The mother’s testimony indicates her need for additional child support, due to intervening inflation and the increased needs of her child. She testified concerning her inability to meet expenses, due to an increase in the cost of food, transportation, activities, and clothing. Further, the record reveals that the father is retired from the United States Army, with a gross income of approximately $54,-000 per year. We have held that the increase in the age of the child and the correlative increase in the need for support, when coupled with the increase in the cost of living due to inflation, are sufficient to constitute a material change of circumstances to support a modification. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983).
We note that the father contends that the award was not commensurate with the needs of the child. However, in view of the above, as well as our standard of review, we cannot say that the increase was an abuse of discretion.
We also point out that the father contends that he should not be responsible for any educational expenses for his 19-year-old daughter, pursuant to Ex parte Bayliss, 550 So.2d 986 (Ala.1989). We agree. In Ex parte Bayliss, the supreme court determined that a trial court does have jurisdiction to require parents to provide for post-minority support for college education to children of a marriage terminated by divorce. However, the supreme court made it clear that application for *1331 such support must be made before the child obtains the age of majority. Clearly, such requirement was not met in the instant case. It is undisputed that the child was 19 when this action arose. Nevertheless, as set out above, the parties to this appeal are operating pursuant to a written agreement which was incorporated into the divorce decree, providing for child support until the age of 21. In determining to increase the amount of child support, which was set in 1970, the trial court had before it evidence of" the increased needs of the child, which included, but were not limited to, the educational expenses of attending college.
Therefore, for the reasons cited above, we find that the father continues to be obligated for the support of the child until she reaches the age of 21. Further, we find that such modification by the trial court was not an abuse of discretion.
The mother’s request for an attorney’s fee for representation on appeal is granted in the amount of $500.00.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.