The parties were divorced in 1979, with custody of the minor child being awarded to the mother. In 1983, the prior custody order was modified, and custody of the minor child was awarded to the father. The father was then ordered to pay to the mother $200 per month while the child resided with the mother. However, in 1986, by agreement of the parties, the child began living with the mother. In 1988, the mother filed a petition to formally modify the 1983 custody order and to award custody of the child to her. She also requested that the father be ordered to pay a reasonable amount of child support.
After an ore tenus proceeding, custody of the child was awarded to the mother, with specific visitation to the father. Further, the father was ordered to pay to the mother child support in the amount of $450.00 per month until the minor child attains the age of majority, becomes self-supporting, or shall marry. The father appeals.
The father's only contention on appeal is that the trial court erred in increasing the child support payments. He contends *Page 825 
that the record is silent as to whether an increase was in the best interest of the child and as to whether there was a sufficient change of circumstances to warrant a modification. We disagree.
If a material change in the circumstances of the parties occurs, a trial court in its discretion may modify child support, and its decision in that regard will not be changed on appeal except for an abuse in the exercise of that discretion.Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App. 1986). Furthermore, in child support modification cases which are presented to the trial court ore tenus, its decision is presumed to be correct and will not be disturbed on appeal unless it was not supported by the evidence or was palpably wrong. Taylor.
Factors to be considered by the trial court in determining whether there are changed circumstances are the needs of the child and the ability of the father to respond to the child's needs. Taylor.
We have reviewed the record and find that the trial court could have reasonably concluded that there has been a change in circumstances since the 1983 decree. The mother now has legal custody of the child. Further, the child is now approximately fourteen years old, and his needs have increased, as well as the cost of living. Clearly, increasing needs of children as they age, as well as inflation of the economy, can be considered in child support cases. Cooper v. Cooper,550 So.2d 439 (Ala.Civ.App. 1989).
In view of the above, we find no abuse of discretion.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.