INGRAM, Presiding Judge.
The parties were divorced in 1985. Custody of the minor daughter was awarded to the mother, while custody of the minor son was awarded to the father. In 1989, the mother petitioned the court to modify the *410 original decree to place the minor son in her custody. The mother also sought child support from the father for care of the minor son. Following an ore terms proceeding, the trial court awarded custody of the minor son to the mother, and the father was ordered to pay child support in the amount of $946.00 per month. Thereafter, the father filed a Rule 59, Alabama Rules of Civil Procedure, motion to reduce his child support obligation. The trial court denied the father’s request. The father appeals.
The dispositive issue on appeal is whether the trial court erred in determining the amount of child support to be paid by the father. The father contends that the trial court failed to give proper consideration to an amended child support income statement filed in conjunction with a motion to amend the judgment.
In deciding the issue presented to this court, we do so by following the well-established principle that, where a case is presented to the trial court ore terms, the decision of that court is presumed to be correct and will not be disturbed on appeal unless it was not supported by the evidence or was palpably incorrect. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Furthermore, we note that when this action was filed, the child support guidelines set out at Rule 32, Alabama Rules of Judicial Administration, had not yet become mandatory. Hence, in this case the power to determine the amount of child support to be paid rested within the sound discretion of the trial court. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986). Therefore, the trial court’s decision in that regard will not be altered on appeal except where that discretion was abused. Taylor, supra.
The decisions of this court on the issue of abuse of discretion by the trial court in- child support modification cases are legion. Therefore, we perceive no prec-edential value in relating all of the facts in this case. We do note, however, that there is ample evidence supporting the amount of child support awarded by the trial court. The record indicates that the trial court based its decision on oral testimony of the father and the mother regarding their income, as well as the child support income statements submitted by both parties.
After a careful reading of all of the evidence, and in light of the attendant presumptions, we find no palpable abuse of discretion by the trial court.
The mother has requested an award of attorney’s fees for representation on appeal. Such request is granted in the amount of $500.00.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.