RUSSELL, Judge.
Elvin B. Grimsley (husband) appeals from an order of the trial court which divorced the parties and awarded $200,000 alimony in gross and $25,000 in attorney fees to Linda H. Grimsley (wife). He contends that the trial court abused its discretion in these awards. We disagree and affirm.
We note that, after an ore tenus proceeding, the trial court’s judgment is presumed correct and will be set aside only when it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Also, the grant of alimony is a matter which rests in the sound discretion of the trial court, and the judgment of the trial court will be reversed only upon an abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). Attorney’s fees awarded in a divorce case are in the sound discretion of the trial court, and that award will not be reversed unless there is an abuse of that discretion. Chandler v. Chandler, 501 So.2d 1234 (Ala.Civ.App.1987). In addition, the court should consider the earning capacities and the financial circumstances of the parties and the results of the litigation in the award of an attorney’s fee. Id.
In light of the number of decisions issued by this court on abuse of discretion of the trial court in divorce cases, we can perceive no precedential value in relating the full facts of this appeal. However, as to the husband’s contentions that the award of $200,000 alimony in gross is an abuse of discretion and that it financially cripples the husband, we note that a number of the husband’s financial statements prepared during the course of the marriage were introduced into evidence, and these statements varied greatly as to the husband’s net worth. The husband claimed to have a net worth of $1,090,000 as of June 1990 and introduced a financial statement which showed the wife’s net worth as $935,810 as of June 30, 1987. However, a financial statement prepared for a bank in October 1989, only seven or eight months before the husband’s June statement was prepared, was introduced by the wife and showed the husband’s net worth as $3,031,-069. Even reducing the October statement by $481,000 — the wife’s share of the joint real estate listed — the husband still showed a net worth of $2,550,069. The trial court could have determined that the October 1989 statement was closer to the true financial situation. Even without that determination, we cannot say that the award of $200,000, in view of these facts, was an abuse of discretion.
As to the husband s contention that the award of $25,000 in attorney’s fees was also an abuse of discretion, we note that the record indicates that the husband has the greater assets, that the results of the litigation were favorable to the wife, and that the testimony of an attorney experienced in this area of the law indicated that a reasonable fee would be $35,000 to $50,000. In addition, the trial court may rely on its knowledge and experience when determining the value of the attorney’s services. Chandler, 501 So.2d 1234. Therefore, we find that the attorney’s fee award was not an abuse of discretion.
Based on the above, the judgment of the trial court is due to be affirmed.
The wife has requested an attorney’s fee for representation on appeal. That request is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.