RUSSELL, Judge.
The father appeals from the trial court’s final order regarding, inter alia, child support modification and attorney fees.
By order of the District Court of Caddo Parish, Louisiana, the parties were legally separated in June 1989. The separation order provided that the father was to pay the mother $300 per month as support for the parties’ minor child. Incorporated into the separation order were a property settlement agreement and a joint custody plan approved by the parties.
In February 1991, following a petition by the father, the Louisiana court entered a judgment divorcing the parties. The judgment of divorce provided that custody of the minor child would continue to be governed by the original joint custody plan.
In April 1991 the mother, who moved to Alabama shortly after the parties’ separation, filed in the Tuscaloosa County Circuit Court a petition to modify the previous joint custody arrangement by placing sole custody of the parties’ child with her and curtailing the father’s visitation rights. (The father had moved to Georgia in the latter part of 1989.) The mother also requested that the father’s child support obligation be increased commensurate with the Child Support Guidelines found in Rule 32, Alabama Rules of Judicial Administration. The father counterclaimed, alleging that the mother, by seeking an increase in child support, had breached the terms of the property settlement agreement and custody plan originally part of the 1989 separation order. It was the father’s position that the property settlement agreement had provided for his assumption of the mother’s half of the marital debt as a form of “indirect” child support payments to the mother. Accordingly, he sought damages based on any increase in child support the court might order while he continued to satisfy the mother’s portion of the debt. In the alternative, the father sought an order revoking the property settlement agreement and directing the mother to reimburse him for amounts he had already spent satisfying her portion of the debt.
The Alabama and Louisiana courts conferred and agreed that, pursuant to the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (West 1980), and the Uniform Child Custody Jurisdiction Act, Ala. Code 1975, §§ 30-3-20 through -44, the Alabama court had jurisdiction over matters relating to child custody, child support, and any other proceedings concerning the welfare of the parties’ child. In a preliminary order entered in April 1991, the Alabama court specifically found that the proceedings that led to the Louisiana court’s judgment of divorce were limited solely to the issue of dissolution of the parties’ marriage.
On October 23, 1991, prior to a decision on the mother’s request for modification of child support, the Alabama trial court entered a “Partial Final Order,” incorporating an agreement of the parties with regard to custody and visitation. The mother was granted sole legal custody of the child, and the father’s visitation schedule was changed to protect the child from frequent long trips and extended periods away from the mother. The parties agreed to submit the issues of child support and attorney fees to the court on written briefs and supporting documents. In addition to filing a brief in support of modification, the mother filed an affidavit alleging a support arrearage on the part of the father.
On January 27, 1992, the trial court entered a final order finding a material change of circumstances and granting the mother’s modification petition. The court then applied the Child Support Guidelines to establish the father’s child support obligation as $609 per month. The father was also assessed $600, plus interest, in support arrearage. Additionally, the court entered a permanent restraining order as to both *741 parties and specifically prohibited the father from contacting the child’s day care and medical care providers in Tuscaloosa. The mother was awarded $7,500 in attorney fees. All other matters raised by the pleadings, including the father’s counterclaims, were deemed to be denied, overruled, or moot.
On appeal the father asserts that the trial court (1) abused its discretion by modifying his child support obligation; (2) erred in denying his counterclaims; (3) improperly assessed him for a support arrearage; (4) unreasonably restricted his parental rights through the restraining order; and (5) abused its discretion in awarding the mother an attorney’s fee.
As to the issue of child support modification, the father first contends that the mother failed to prove, as required by Alabama law, that there has been a material change in circumstances since the previous child support judgment by the Louisiana court.
Rule 32(A)(2)(i), A.R.J.A., provides that “[t]he provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.” Thus, when considering petitions for modification, the trial court may apply the Child Support Guidelines only after finding that a material change in the parties’ circumstances has occurred since entry of the last order of child support.
We note that the trial court has considerable discretion in matters of child support and that its determination as to whether circumstances warranting a modification have been proven will not be reversed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Anderson v. Anderson, 590 So.2d 310 (Ala.Civ.App.1991). Factors to be considered by the trial court in determining whether there are changed circumstances are the needs of the child and the ability of the parents to respond to the child’s needs. Parker v. Firestone, 568 So.2d 824 (Ala.Civ.App.1990).
The record reveals that since moving from Louisiana to Tuscaloosa, Alabama, the mother has taken a job paying approximately $1,789 per month. The father, an attorney in Atlanta, Georgia, earns $4,184 per month. The parties stipulated to these earnings, and the trial court used these figures when applying the Rule 32 guidelines. In her affidavit attesting to changed circumstances, the mother averred that the expenses directly associated with the child’s needs have increased dramatically since the order of support in the June 1989 separation order. (A careful review of the record reveals that the separation order was the last judgment relating directly to child support.) The mother stated that the child, who was approximately 15 months old when the original order was entered, is now three years old and that “as the result of inflation as well as more expensive prices for clothing and the needs of the child at his older age, the need for additional child support has increased.” The mother also indicated that the child was now eating table food and that the expenses associated with additional educational toys and books have also increased. She further indicated that the child recently started attending a more expensive day care facility. This court has previously held that an increase in the age of the minor child and the correlative need for support, coupled with an increase in the cost of living due to inflation, are sufficient to constitute a material change of circumstances and to sustain a modification of child support. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983). We have reviewed the record and conclude that, the father’s contention notwithstanding, there was sufficient information before the trial court to show a materia] change in circumstances.
We are unpersuaded by the father’s contention that the Louisiana court’s separation order, through the incorporation of the parties’ property settlement agreement and joint custody plan, provided for a trade-off between the marital debts that the father assumed and the amount of child support he was to pay the mother. The child support provision found in the joint custody plan makes no mention of “indi *742 rect” child support payments or a set-off for payment of the mother’s portion of the marital debt. Nor is there language in the property settlement agreement linking the father’s assumption of debts with child support. While, by the terms of the settlement agreement, the father retained debt considerably larger than that retained by the mother at the time of the legal separation, the father also received sole ownership of the marital residence and an automobile, which constituted the predominant collateral for the marital debt. Although the father assumed responsibility for certain credit card payments, the settlement agreement credited the mother for receiving the benefit of these payments as alimony-in-gross in the amount of $3,500 per year for up to five years following the separation.
Under Alabama law the right of children to receive child support is so basic that the obligation of a parent to provide such support may not be permanently removed by agreement, release, or judgment. Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App.1981). The father contends, however, that Louisiana law allows a parent credit against child support obligations based upon the parent’s payment of community property obligations. Nevertheless, as we have noted, we are unconvinced that the property settlement agreement and child custody plan provided for the father’s payment of marital debts as a benefit to the child and as a substitute for child support. For this reason, we find no error in the trial court’s denial of the father’s counterclaims. We further find these counterclaims to be, in substance, professed defenses to the mother’s request for modification of child support. In view of our findings as to the mother’s modification petition, we conclude that the trial court properly rejected the father’s defenses. Accordingly, we hold that the court did not abuse its discretion by increasing the father’s child support obligation from $300 to $609 per month.
We have reviewed the record, including the pertinent pleadings, affidavits, and other supporting documents, and find that the trial court properly exercised its discretion in assessing the father a $600 child support arrearage, with interest, for non-payment of support during two months in 1990 and 1991. In this instance the trial court was in a position to judge the credibility of the parties’ arguments and the proof offered, and we will not substitute our judgment for that of the trial court.
In view of previous findings in interim orders entered by the trial court, including a temporary restraining order, and in light of allegations in the mother’s pleadings and affidavits, we further conclude that the provision of the final order prohibiting the father from directly contacting the child’s day care and medical care providers in Tuscaloosa does not unreasonably restrict the father’s exercise of his parental rights. The pleadings indicated that the behaviors restricted are behaviors the father previously exhibited inappropriately. As required by Rule 65(d)(1), Alabama Rules of Civil Procedure, the restraining order is specific in terms and describes in reasonable detail the acts sought to be restrained. Furthermore, it is binding only upon the parties to the action. It is evident from the record that there has been an extensive history of conflict between the parties and that their interactions since the legal separation, especially as they relate to visitation matters, have been beset by extreme acrimony. The trial court properly exercised its discretionary authority in entering the permanent restraining order.
The father’s final contention is that the trial court abused its discretion in awarding $7,500 to the mother as an attorney’s fee.
The mother presented an itemized statement, as well as an affidavit, attesting to the legal services rendered by her attorney. According to the fee affidavit, the total charges from the attorney’s office through October 21, 1991, were in excess of $9,000. The award of an attorney’s fee in cases such as this rests within the sound discretion of the trial court, and such an award will not be reversed absent an abuse of discretion. Chandler v. Chan *743 dler, 501 So.2d 1234 (Ala.Civ.App.1987). In making such an award, the trial court may consider such factors as the earning capacities of the parties, the financial circumstances of the parties, and the results of the litigation. Id. After reviewing the record, we conclude that the trial court did not abuse its discretion in awarding the mother $7,500 as an attorney’s fee.
In view of the foregoing, the judgment of the trial court is affirmed.
The mother’s request for an attorney’s fee on appeal is granted in the amount of $1,200.
AFFIRMED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs specially.