678 So.2d 1181 (1996)
Freddie G. SARTIN
v.
Elizabeth G. SARTIN.
2950179.
Court of Civil Appeals of Alabama.
June 7, 1996.
*1182 W. Gregory Hughes, Mobile, for Appellant.
Joseph M. Matranga, Mobile, for Appellee.
ROBERTSON, Presiding Judge.
Freddie G. Sartin appeals from the trial court's judgment modifying his alimony and child support obligation.
Freddie G. Sartin ("the husband") and Elizabeth G. Sartin ("the wife") were divorced in 1979 by the Mobile County Circuit Court. The divorce judgment ratified and affirmed an agreement entered into by the parties. Paragraph 4 of the agreement provided:
"[The husband] shall pay to [the wife] as alimony and child support an amount equal to twenty-five percent of the [husband's] net income after deduction of state and federal taxes. [The husband] shall continue to support the children of the parties through each child's completion of a four-year college degree program so long as the educational career of such child is not unduly interrupted and so long as academic progress is maintained at a reasonable level of achievement."
In 1994 the wife filed a motion requesting the Mobile County Circuit Court to order the husband to show cause why he should not be held in contempt for failure to pay alimony and child support. The wife also requested that the trial court modify the husband's alimony obligation by increasing her award of alimony and ordering the husband to pay a sum certain instead of a percentage of his income. The husband answered and counterclaimed, alleging that there had been a material change in circumstances which warranted modification of the divorce judgment. The trial court heard testimony from both parties on March 27, 1995. Thereafter, the trial court entered a judgment finding the husband in contempt and stating in pertinent part:
"2. THAT [the wife] is hereby awarded a judgment against the [the husband] in the amount of $25,000, said amount representing the total arrearage in alimony and child support including interest as of this date.
"3. THAT all future payments of alimony heretofore ordered by the court are hereby terminated as of this date.

*1183 "4. THAT the child of the parties, Elizabeth Sartin, is hereby awarded a judgment against [the husband] in the amount of $19,200, said amount representing college expenses of said child; that [the husband] shall satisfy said judgment by paying $250 each month thereon directly to the child; and further, the child, Elizabeth Sartin is to reimburse the [wife] for any college expenses she has paid."
The husband filed a post-judgment motion requesting that the trial court alter, amend, or vacate the judgment. Thereafter, the trial court amended its judgment, reducing the $25,000 award in paragraph 2 to $16,000.60. The husband appeals.
On appeal, the husband argues that the trial court erred (1) in calculating his alimony and child support arrearage, and (2) by awarding the daughter a judgment against him for $19,200 in "college expenses."
The evidence in this case was presented ore tenus; therefore, the judgment of the trial court is presumed correct and will be upheld on appeal unless it is unsupported by the evidence so as to be plainly and palpably wrong. Kelley v. Kelley, 600 So.2d 303 (Ala.Civ.App.1992). This rule is based on a recognition of the trial court's unique position to evaluate both the demeanor and the credibility of the witnesses. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).

I. Alimony and Child Support
The husband argues that the trial court failed to correctly calculate the alimony and child support arrearage; however, the evidence before this Court on appeal does not show that the trial court's judgment was in error. The only evidence contained in the record on appeal is the husband's income tax returns from 1985 to 1994 and a statement of the evidence made pursuant to Rule 10(d), Ala.R.App.P. The record does not contain any evidence of the husband's income from 1979 to 1984. The Rule 10(d) statement indicates only that the testimony at the hearing was conflicting as to the amount of alimony and child support the wife received after the divorce.
An appellant has the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990) (citing Matter of Coleman, 469 So.2d 638 (Ala.Civ. App.1985) and Rule 10, Ala.R.App.P.).
"This court cannot assume error, nor can it presume the existence of facts to which the record is silent. Dais v. State ex rel. Davis, 420 So.2d 278 (Ala.Civ.App. 1982).... Furthermore, when a trial court's order is based on evidence that is not before the appellate court, we conclusively presume that the court's judgment is supported by the evidence. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App. 1987)."
Newman v. State, 623 So.2d 1171, 1172 (Ala. Civ.App.1993).
The husband failed to meet his burden of showing that the trial court's judgment was unsupported by the evidence so as to be plainly and palpably wrong. Consequently, we affirm the trial court's judgment as to the alimony and child support arrearage.

II. Post-Minority Educational Expenses
The husband contends that the trial court erred in ordering him to pay the daughter's "college expenses." He specifically argues that the agreement incorporated into the divorce judgment did not require him to pay any additional support for the children's college education expenses.
When a trial court adopts an agreement, it is merged into the final judgment of divorce. Dees v. Dees, 581 So.2d 1103 (Ala. Civ.App.1990). A judgment of divorce is to be interpreted or construed like other written instruments. Id. The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from them. Vainrib v. Downey, 565 So.2d 647 (Ala.Civ.App.1990).
The provision of the parties' agreement providing for post-minority support directs the husband to pay the wife a certain amount as "alimony and child support" and requires that the husband "shall continue to support the children of the parties through each child's completion of a four-year college *1184 degree program." (Emphasis added.) This language, giving the words their ordinary meaning, does not impose an obligation on the husband to pay "college expenses" in addition to his usual alimony and child support obligation. Instead, said language merely directs the husband to "continue" to pay his usual "alimony and child support" obligation for a designated time after the children reach the age of majority. The trial court's award of the alimony and child support arrearage as of the date of the hearing satisfied that obligation.
Because the parties' divorce judgment did not impose an obligation on the husband to pay additional support for the daughter's "college expenses," the trial court erred in entering the judgment for $19,200 against the husband.
That part of the trial court's judgment regarding the alimony and child support arrearage is affirmed. That part of the trial court's judgment awarding the daughter a judgment against the husband for her "college expenses" is reversed, and the cause is remanded for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in part and dissents in part.
THIGPEN, Judge, concurring in part and dissenting in part.
I concur with the majority that the trial court's judgment regarding the issues of alimony and child support arrearage is due to be affirmed; however, my opinion differs from the majority opinion regarding the issue of post-minority support.
The husband's obligation regarding post-minority support attaches by his voluntary agreement that merged into the divorce judgment; i.e., "this is a proceeding to enforce an obligation to provide post-minority support which was incorporated into the parties' divorce decree," and is not a situation controlled by the decision of our Supreme Court in Ex parte Bayliss, 550 So.2d 986 (Ala.1989). Simpkins v. Simpkins, 595 So.2d 493, 495 (Ala.Civ.App.1991).
I am compelled to address the husband's contentions regarding the conditions of his obligation for post-minority support, the amount due, and the payment method ordered. In part, the husband argues that the daughter has not pursued a college degree in a manner consistent with the agreement, and therefore, he argues, his obligation is terminated. He further argues that the amount ordered is contrary to the agreement, and that the trial court erred in directing payment to the daughter.
The trial court awarded a judgment of $19,200 to the daughter, and ordered the daughter "to reimburse [her mother] for any college expenses she has paid." It is clear that the trial court arrived at this amount utilizing the per semester amount asserted by the mother, i.e., $2400 per semester, times eight semesters. It is undisputed that, at the time of the hearing, the daughter had completed only three semesters of college.
A trial court's order instructing payment directly to a child has been allowed under certain difficult or unusual circumstances. See Rubrigi v. Rubrigi, 630 So.2d 67 (Ala. Civ.App.1993); Frasemer v. Frasemer, 578 So.2d 1346 (Ala.Civ.App.1991); and Cornett v. Cornett, 398 So.2d 303 (Ala.Civ.App.1981). My review of the record in the case sub judice, however, reveals no difficult or unusual circumstances permitting payment directly to this adult child; therefore, I would hold that the trial court abused its discretion by ordering payment directly to the daughter.
The husband argues that, pursuant to the agreement, he "was only required to continue support," and that he was not obligated to pay college costs and support for the child. That agreement, which is enforceable, provides that the husband continues to be obligated for the support of the child through "completion of a four-year college degree program," provided certain conditions are met. While that agreement connects the obligation in time to the child's college education, it does not determine that the amount *1185 of the obligation is based upon college expenses. See Campbell v. Campbell, 426 So.2d 848 (Ala.Civ.App.1983); see also, Rooney v. Rooney, 562 So.2d 1329 (Ala.Civ.App. 1990). Additionally, the agreement regarding the husband's continuation of support is based upon certain conditions, and it appears to me that the trial court failed to consider whether the daughter had met the conditions giving rise to the husband's voluntary obligation. It also appears to me that the trial court should consider additional evidence before interpreting the ambiguous terms of the agreement regarding the husband's post-minority support obligation. See Croft v. Croft, 513 So.2d 630 (Ala.Civ.App.1987); see also, Lammons v. Lammons, 481 So.2d 390 (Ala. Civ.App.1985). The trial court may need to consider evidence regarding the surrounding circumstances and the intention of the parties in making that agreement before determining whether the husband owes any amount. The record does not support the trial court's determination of the lump-sum amount it ordered the husband to pay.
Accordingly, while I would affirm that portion of the judgment enforcing the husband's obligation based upon an agreement incorporated into the judgment, I would reverse the judgment to the extent that the trial court erred regarding the amount and method of payment. On remand, I would instruct the trial court to determine if the husband's post-minority support agreement is effective, and, if so, to calculate any amount owed by the husband in accordance with the agreement.