I concur with the majority that the trial court's judgment regarding the issues of alimony and child support arrearage is due to be affirmed; however, my opinion differs from the majority opinion regarding the issue of post-minority support.
The husband's obligation regarding post-minority support attaches by his voluntary agreement that merged into the divorce judgment; i.e., "this is a proceeding to enforce an obligation to provide post-minority support which was incorporated into the parties' divorce decree," and is not a situation controlled by the decision of our Supreme Court inEx parte Bayliss, 550 So.2d 986 (Ala. 1989). Simpkins v.Simpkins, 595 So.2d 493, 495 (Ala.Civ.App. 1991).
I am compelled to address the husband's contentions regarding the conditions of his obligation for post-minority support, the amount due, and the payment method ordered. In part, the husband argues that the daughter has not pursued a college degree in a manner consistent with the agreement, and therefore, he argues, his obligation is terminated. He further argues that the amount ordered is contrary to the agreement, and that the trial court erred in directing payment to the daughter.
The trial court awarded a judgment of $19,200 to thedaughter, and ordered the daughter "to reimburse [her mother] for any college expenses she has paid." It is clear that the trial court arrived at this amount utilizing the per semester amount asserted by the mother, i.e., $2400 per semester, times eight semesters. It is undisputed that, at the time of the hearing, the daughter had completed only three semesters of college.
A trial court's order instructing payment directly to a child has been allowed under certain difficult or unusual circumstances. See Rubrigi v. Rubrigi, 630 So.2d 67
(Ala.Civ.App. 1993); Frasemer v. Frasemer, 578 So.2d 1346
(Ala.Civ.App. 1991); and Cornett v. Cornett, 398 So.2d 303
(Ala.Civ.App. 1981). My review of the record in the case sub judice, however, reveals no difficult or unusual circumstances permitting payment directly to this adult child; therefore, I would hold that the trial court abused its discretion by ordering payment directly to the daughter.
The husband argues that, pursuant to the agreement, he "was only required to continue support," and that he was not obligated to pay college costs and support for the child. That agreement, which is enforceable, provides that the husband continues to be obligated for the support of the child through "completion of a four-year college degree program," provided certain conditions are met. While that agreement connects the obligation in time to the child's college education, it does not determine that the amount *Page 1185 
of the obligation is based upon college expenses. SeeCampbell v. Campbell, 426 So.2d 848 (Ala.Civ.App. 1983); see also, Rooney v. Rooney, 562 So.2d 1329 (Ala.Civ.App. 1990). Additionally, the agreement regarding the husband's continuation of support is based upon certain conditions, and it appears to me that the trial court failed to consider whether the daughter had met the conditions giving rise to the husband's voluntary obligation. It also appears to me that the trial court should consider additional evidence before interpreting the ambiguous terms of the agreement regarding the husband's post-minority support obligation. See Croft v. Croft,513 So.2d 630 (Ala.Civ.App. 1987); see also, Lammons v.Lammons, 481 So.2d 390 (Ala.Civ.App. 1985). The trial court may need to consider evidence regarding the surrounding circumstances and the intention of the parties in making that agreement before determining whether the husband owes any
amount. The record does not support the trial court's determination of the lump-sum amount it ordered the husband to pay.
Accordingly, while I would affirm that portion of the judgment enforcing the husband's obligation based upon an agreement incorporated into the judgment, I would reverse the judgment to the extent that the trial court erred regarding the amount and method of payment. On remand, I would instruct the trial court to determine if the husband's post-minority support agreement is effective, and, if so, to calculate any amount owed by the husband in accordance with the agreement.