THOMPSON, Presiding Judge,
concurring in the result.
I agree with the application of the holding in Ex parte Dickson, 29 So.3d 159 (Ala.2009), to the facts of this case. I write specially to note, however, that I do not believe that, in reaching its holding in that case, our supreme court intended that the evidence presented by the parties be allowed to supplant the trial court’s discretion in determining the amount of the pay- or spouse’s estate. The determination of a right to alimony in gross and whether a payor spouse’s estate is sufficient for a payment of alimony in gross are matters within the discretion of the trial court. Shirley v. Shirley, 600 So.2d 284, 286 (Ala.Civ.App.1992); Grimsley v. Grimsley, 586 So.2d 20, 21 (Ala.Civ.App.1991); and Waid v. Waid, 540 So.2d 764, 765-66 (Ala.Civ.App.1989). In this case, I agree that the trial court erred in concluding that the husband’s current estate was sufficient to pay the alimony-in-gross award.