ROBERTSON, Judge.
This ease involves a petition for modification of a divorce decree.
James Rollie Cooper (appellant) and Teresa Gail Curlee Cooper (appellee) were divorced on June 4,1985. The divorce decree provided inter alia that appellee would have custody of the two minor children, and ordered appellant to pay support payments of $275 per child per month, and $550 per month periodic alimony. On April 5, 1988, appellee filed a petition to modify the divorce decree by increasing the amount of child support payments. Appellant filed a counterclaim requesting termination of the alimony payments pursuant to § 30-2-55, Code Ala.1975 (1983 Repl.Vol.), alleging that appellee was cohabiting with a member of the opposite sex.
After receiving ore tenus evidence, the trial court entered its order on December 20, 1988, increasing child support obligations to $545 per child per month, detailing specific visitation rights for appellant, awarding attorney fees to appellee, and denying all other claims. Appellant’s motion for new trial was denied and this appeal followed.
Two issues are presented for review: (1) Did the trial court err in refusing to terminate periodic alimony pursuant to Code Ala.1975, § 30-2-55 (1983 Repl.Vol), based on cohabitation? (2) Did the trial court abuse its discretion in increasing the amount of child support obligations?
At the outset, we note that our standard of review in this case is very limited. Alimony, child support, and their subsequent modifications are matters that rest within the trial court’s discretion, which will not be disturbed on appeal absent an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). A presumption of correctness attaches when the trial court receives ore tenus evidence, and, unless the evidence shows the trial court to be *440 palpably wrong, we must affirm the judgment. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
I
Appellant contends that appellee is cohabiting with A1 Willis. He provided evidence indicating that appellee and Mr. Willis had been regular social and sexual companions for approximately three years, which included seeing each other several times a week, having occasional meals together at her home, entertaining and caring for each other’s children on occasion, and Mr. Willis’s sometimes staying overnight in appellee’s home.
Appellee presented evidence that she and Mr. Willis had been friends since high school, well over 20 years, and continue that close association. Appellee presented evidence that she and Mr. Willis did enjoy each other’s companionship and that the relationship was mutually beneficial in many ways. She presented evidence that Mr. Willis and his children live with his parents and frequently visit appellee and her children, including periodically staying overnight.
Section 30-2-55 provides that periodic alimony shall be terminated by the court upon proof that the receiving spouse is “cohabiting with a member of the opposite sex.” The burden of proof rests with the party petitioning for relief and requires proving more than an occasional indiscretion. Hicks v. Hicks, 405 So.2d 31 (Ala. Civ. App.1981).
Whether the former spouse is cohabiting with a member of the opposite sex is a factual determination for the trial court after considering all of the evidence and all reasonable inferences drawn therefrom. This court cannot reverse that determination unless it was plainly and palpably wrong in view of the evidence. Rutland v. Rutland, 494 So.2d 662 (Ala.Civ.App.1986).
Our review of the record revealed favorable testimony for each side. There was ample evidence to support the trial court’s denial of the relief requested by appellant; therefore, we must affirm that determination.
II
The appellant next argues that the trial court abused its discretion in increasing the amount of child support he is ordered to pay. He argued that his obligations have increased and that he is already doing all he can afford to do to support the children.
There was evidence before the trial court that the appellant’s income was adequate to support the increasing needs of the children as they have gotten older and as the economy has inflated. These are proper factors for the trial court to consider. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
The evidence revealed the appellee’s net income after deductions to be less than $150 weekly. In a sworn affidavit the appellant testified to average monthly earnings of $5,974.62 after deductions. Appellant also testified to gross earnings exceeding $85,000 for the first 11 months of 1988. Clearly, there was ample evidence to support the increase in child support the trial court ordered. Reviewed with the attendant presumptions of correctness, we must also affirm the trial court’s order to increase the child support obligation.
The appellee’s request for attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.