Following oral proceedings, the Circuit Court of Marshall County entered a final divorce decree divorcing the parties, dividing the parties' property, and awarding the wife custody of the minor son. The wife appeals.
The wife initially asserts that the trial court erred in refusing to impute income to the husband for purposes of determining child support. She insists that the language found in Rule 32(B)(5), Alabama Rules of Judicial Administration, mandates such an imputation. That rule provides, in pertinent part, the following:
 "If the court finds that either parent is voluntarily unemployed or underemployed, it shall impute that parent's income and calculate child support based on that parent's potential income which would otherwise ordinarily be available."
The key word here is "voluntarily." The trial court must initially determine that the spouse is "voluntarily" unemployed or underemployed before it may impute income to that spouse. The determination is to be made from the facts presented according to the judicial discretion of the trial court.Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App. 1991).
The record reflects that the husband was unemployed at the time of the hearing. He was terminated from his truck driving position ten days prior to trial. He was terminated because he refused to take an assignment. He testified that he could not possibly have completed the assignment because he had already been on the road thirteen days out of fifteen and he was exhausted. He had once had a wreck under similar conditions. He testified that it would have been unlawful under government regulations for him to take the assignment because he was out of hours in his log book. At the time of the hearing, the husband averred that he was actively seeking employment.
Concerning child support, the trial court ordered:
 "At the time of trial in this judgment the defendant is unemployed. For that reason the court finds that any attempt to apply the Rule 32 ARJA Guidelines would be inappropriate and manifestly unjust and inequitable. . . . Beginning December 1, 1991, and on the first day of each month following the defendant shall file with the Clerk of this Court the statement of the gross amount of all earnings, unemployment compensation or other income received by him during the previous month subject only to deductions allowed as business expenses from gross income under the internal revenue code for the preceding month. At said time the defendant shall pay to the Clerk for the use of the plaintiff as child support a sum equal to 16% of his said income from said prior month."
The wife claims that the evidence is undisputed that the husband "voluntarily" relinquished his job. She insists that due to this undisputed evidence the trial court should have imputed income to the husband in determining his child support obligation.
It is undisputed that the husband refused to take the assignment which ultimately led to his termination. However, his reason for not taking the assignment was a matter which the trial court could have considered in determining whether he was "voluntarily" unemployed. The facts surrounding *Page 906 
the husband's termination and his testimony that he was actively seeking employment support the trial court's determination not to apply the mandate of Rule 32(B)(5) at this time. We consider that according to its order the trial court has retained continuing supervision of the issue of support. Should it be shown that the husband is avoiding employment, the court may reconsider the case and determine if he is "voluntarily unemployed" for purpose of imputation of income.
The wife asserts that the trial court erred in ordering the parties to share the costs of transporting the child to visit his noncustodial parent and in refusing to award her attorney fees. These are matters for the sound discretion of the trial court. Lewis v. Winslow, 587 So.2d 1006
(Ala.Civ.App. 1991) (visitation costs); Marsh v. Marsh,496 So.2d 71 (Ala.Civ.App. 1986) (attorney fees). In our review of the proceedings, we find no abuse of discretion concerning these provisions of the trial court's order.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.