Brian Berryhill appeals from a judgment modifying his child support obligations. We affirm in part, reverse in part, and remand.
Berryhill and Paula Berryhill Reeves were married in 1977; they were divorced by the Marion County Circuit Court in 1984. A son was born of the parties' marriage; at the time of the parties' divorce, he was three years old. In its judgment divorcing the parties, the trial court incorporated the parties' agreement that Berryhill pay Reeves $50.00 per week as child support.
On August 30, 1996, Reeves filed a complaint in the trial court seeking, among other things, a modification of Berryhill's child support obligation, averring that a material change in circumstances had occurred since the entry of the original divorce judgment, specifically, that Berryhill's income had risen and the parties' son had reached the age of 15 years and his needs had greatly increased. Reeves requested that Berryhill "be ordered to assist [her] in providing for the extraordinary school expenses for [the] minor child, including, but not limited to, class rings, class pictures, class trips, and other school events . . . [and] in providing the . . . minor child with a secondary or college education in the event the . . . minor child elects to obtain a secondary education." In addition, Reeves averred that Berryhill was "in the car business and has promised the . . . minor child an automobile and he should be required to furnish him said automobile." Berryhill, in his answer, denied that Reeves was entitled to any of the relief requested.
Following an ore tenus proceeding, the trial court entered a judgment increasing Berryhill's weekly child support obligation from $50.00 to $65.43. In addition, the trial court's judgment directed Berryhill to contribute $10,000 (payable in monthly installments of $208.33 for 48 consecutive months) toward the purchase, insurance, and maintenance of a motor vehicle for the minor child. Berryhill was also instructed to pay 40% of the costs of the minor child's college tuition, *Page 507 
books, fees, and housing, and to pay 40% of the minor child's "extraordinary high school expenses including but not limited to class rings, class pictures, and class trips, in addition to other school activities."
In Cooper v. Cooper, 550 So.2d 439 (Ala.Civ.App. 1989), this court enunciated the principles that guide our review of a judgment modifying a party's child support obligation:
 "At the outset, we note that our standard of review in this case is very limited. Alimony, child support, and their subsequent modifications are matters that rest within the trial court's discretion, which will not be disturbed on appeal absent an abuse of discretion that is so unsupported by the evidence as to be plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). A presumption of correctness attaches when the trial court receives ore tenus evidence, and, unless the evidence shows the trial court to be palpably wrong, we must affirm the judgment. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988)."
550 So.2d at 439-40. With this deferential standard of review in mind, this court now considers Berryhill's allegations of error in the trial court's judgment.
Berryhill contends that the trial court erred in (1) imputing income to him; (2) ordering him to pay $10,000 toward the purchase, maintenance, and insurance of an automobile for the minor child; (3) ordering him to pay college expenses; (4) ordering him to pay 40% of "extraordinary" high school expenses; and (5) finding a change in circumstances warranting a modification of child support.
Berryhill claims that the trial court's judgment improperly imputed to him an income of $9.00 per hour. Under Rule 32(B)(5), Ala.R.Jud.Admin., a trial court must impute income to a parent and calculate his or her child support obligation based upon that parent's potential income if "the court finds that [the] parent is voluntarily unemployed or underemployed." While the trial court's judgment sets forth no express findings of fact concerning this issue, it is well settled that where the trial court does not make specific factual findings, this court will assume that the trial court made such findings as would support its judgment. Transamerica Com. Fin. Corp. v.AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala. 1992).
A determination that a parent is voluntarily unemployed or underemployed "is to be made from the facts presented according to the judicial discretion of the trial court." Winfrey v.Winfrey, 602 So.2d 904, 905 (Ala.Civ.App. 1992). Berryhill, then age 38, was not employed at the time of the hearing, although he has owned an automobile wholesaling business for several years. Berryhill testified that he had earned a net income from his business of no more than $3,000 for the past four years, after deduction of all of his business and personal expenses, yet at the time of the hearing, he had only recently begun seeking interviews for other jobs. Upon questioning by the trial judge, Berryhill admitted that he had not sought outside employment until November 1996, after Reeves had filed her complaint. Berryhill further testified that a job for which he had been interviewed on the day of the modification hearing pays $9.00 per hour, and Reeves testified that she could obtain a job for him with her employer that also would pay $9.00 per hour. Based upon this evidence, we conclude that the trial court did not abuse its discretion in determining Berryhill to be voluntarily unemployed or underemployed and in imputing income of $9.00 per hour to him.
Berryhill next asserts that the trial court improperly required him to pay $10,000 toward the purchase, maintenance, and insurance of a motor vehicle for the parties' minor child. There is no evidence in the record, and no express finding by the trial court, that the minor child needed this automobile for bona fide medical or educational reasons;[1] indeed, the trial court's award of this amount appears to have been based upon *Page 508 
a promise made to the minor child by Berryhill'sparents that they would purchase him an automobile when he reached age 16. It is well settled that "consideration is an essential element of, and is necessary to the enforceability or validity of, a contract," and that "in order to constitute consideration for a promise, there must have been an act, a forbearance, a detriment, or a destruction of a legal right, or a return promise, bargained for and given in exchange for the promise." Kelsoe v. International Wood Prods., Inc.,588 So.2d 877, 878 (Ala. 1991). We therefore conclude that the trial court erred in requiring Berryhill to pay $10,000 for the purchase, maintenance, and insurance of an automobile for the minor child, and we reverse that portion of the trial court's judgment.
We also agree with Berryhill's third contention, i.e., that the award of college expenses was improper in this case. It is undisputed that the minor child of the parties was 16 years old at the time of the modification hearing and that he would enter the 11th grade in high school the following school year. Moreover, no evidence concerning the child's expected college expenses or his aptitude for college was presented at the hearing. We have stated that "to declare the existence of such an obligation [to pay for a child's college education] before the child has reached or nearly reached graduation from high school and before all of the relevant factors have been presented and considered by the court is premature and improper." Mansmann v. State ex rel. Eiland, 590 So.2d 308, 309
(Ala.Civ.App. 1991) (citing Berry v. Berry, 579 So.2d 654
(Ala.Civ.App. 1991)). Thus, we reverse the trial court's award of college expenses as premature; however, we note that the trial court retains jurisdiction to receive all relevant evidence concerning this matter at an appropriate time. SeeMartin v. Martin, 624 So.2d 192, 194 (Ala.Civ.App. 1993).
Berryhill's fourth contention of error concerns the trial court's direction that he pay 40% of the minor child's "extraordinary high school expenses including but not limited to class rings, class pictures and class trips, in addition to other school activities." While payment for the costs of class rings, prints of student photographs, and extracurricular excursions are commonly undertaken by parents willingly for the benefit of their minor children, and may play a significant role in the enrichment of the lives of children, these expenses do not fall within the scope of "extraordinary . . .educational expenses" that may be made as additional awards for child support under Rule 32(C)(4), Ala.R.Jud.Admin. There was no evidence before the trial court that these expenses were necessary to "the process of training and developing the knowledge, mind, [or] character"[2] of the parties' minor child. Moreover, the trial court provided no statement of its reasons for making this additional award of support, as is required by Rule 32(C)(4)(ii), Ala.R.Jud.Admin., where the parties have not agreed in writing to such an award. We therefore reverse this aspect of the trial court's judgment.
We disagree, however, with Berryhill's contention that Reeves failed to prove a material change of circumstances warranting the $15.43 increase in his weekly child support obligation. Since the entry of the original divorce judgment in 1984, the parties' son had become an adolescent, with an attendant change in needs. Further, Reeves testified that her automobile insurance premiums had increased because she had been required to obtain automobile insurance coverage for the parties' son, and that she had paid for various school-related expenses not generally incurred by parents of toddlers. "[A]n increase in the age of the minor child and the correlative need for support, coupled with an increase in the cost of living due to inflation, are sufficient to constitute a material change of circumstances and to sustain a modification of child support,"Burson v. Burson, 608 So.2d 739, 741 (Ala.Civ.App. 1992). We conclude that the trial court's judgment, increasing Berryhill's weekly child support obligation from $50.00 to $65.43, did not constitute an abuse of discretion, and we affirm that portion of the judgment.
Based upon the foregoing facts and authorities, we affirm that portion of the judgment *Page 509 
increasing Berryhill's weekly child support obligation from $50.00 to $65.43. However, because the trial court erred in directing Berryhill to contribute $10,000 toward the purchase, maintenance, and insurance of a motor vehicle; to pay 40% of the costs of the minor child's college tuition, books, fees, and housing; and to pay 40% of the minor child's "extraordinary high school expenses including but not limited to class rings, class pictures, and class trips, in addition to other school activities," we reverse those portions of its judgment, and remand the cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] Reeves testified that the parties' minor child currently drives either her car or her current husband's pickup truck.
[2] Webster's New World Dictionary, "education" (2d College ed. 1986).