THOMPSON, Judge.
Elaine K. Wise and Michael C. Wise were divorced by a judgment of the Circuit Court of Mobile County on January 11, 1995. On May 1, 1998, the wife filed a motion for a rule nisi, seeking to recover a child-support arrearage. The husband filed a counterclaim, seeking to reduce his child-support obligation, on the basis that one of the parties’ two minor children had reached the age of majority.
After receiving ore tenus evidence, the trial court entered a judgment ordering the husband to pay a child-support arrear-age and to continue paying $619 per month in child support. The husband filed a postjudgment motion, contesting the amount of the arrearage and the amount of child support ordered. In support of that motion, the husband submitted a Child Support Guidelines form, see Rule 32, Ala. R. Jud. Admin., in which he calculated a child-support obligation for the support of the parties’ minor child.
The trial court entered an amended judgment in which it modified the amount of the child-support arrearage and modified the child-support obligation to reflect the amount suggested in the husband’s postjudgment motion. The wife appeals from that portion of the judgment modifying the husband’s child-support obligation.
The wife argues that the trial court erred in relying on the Child Support Guideline form submitted by the husband, because, she says, the information on that form was not supported by any evidence.
*30 Rule 32(E), Ala. R. Jud. Admin., provides that parties “shall” file a standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit in each action in which child support is an issue. Rule 32(F) requires that the parties present evidence in support of their income statements submitted in compliance with Rule 32(E). This court has held that the word “shall” in Rule 32(E), Ala. R. Jud. Admin., is mandatory and, therefore, that the forms required by Rule 32(E) must be filed in any action in which child support is at issue. Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994).
Although the modification of the child-support order was an issue raised in the pleadings and addressed at the hearing, neither party submitted the forms required by Rule 32(E). During the hearing on the parties’ motions, neither party presented any evidence regarding their incomes.
In his postjudgment motion, the husband submitted a Child Support Guidelines form containing figures apparently intended to represent the parties’ incomes. Using those figures, he calculated a child-support obligation in accordance with the Rule 32 Child Support Guidelines. However, no evidence in the record supports the husband’s child-support calculation or the trial court’s award of child support. This court is unable to determine whether the award of child support is correct.
Because the parties failed to comply with the requirements of Rule 32, we must reverse that portion of the trial court’s judgment regarding the issue of child support. Martin v. Martin, supra. This case is remanded for the trial court to enter an order in compliance with Rule 32, Ala. R. Jud. Admin.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.