YATES, Presiding Judge.
This is a child-support modification case.
The trial court divorced the parties on August 4, 1997. The judgment of divorce awarded the mother custody of the parties’ two minor children and ordered the father to pay $800 per month in child support. The judgment contained a separate “Child Support Order,” which stated, in part:
“1. Child support is ordered to be paid in an amount equal to that established from time to time in the tables provided by Rule 32 of the Alabama Rules of Judicial Administration. The Parties shall submit updated Child Support Obligation Income Statement/Affidavits (CS-41) in the event of any substantial change in their gross monthly income or any other information required by the Child Support Guideline Form (CS-42). ‘Substantial Change’ shall mean any change which will change the Recommended Child Support Order, (CS-42) by 10% or more. The Parties shall submit copies of their State and Federal Income [tax] returns to each other on or before May 1 of each year for the previous year or within 15 days of filing, whichever shall first occur.”
On July 7, 2000, the father petitioned for a modification, alleging a material change in circumstances and seeking to reduce his child-support obligation. He submitted a *553 CS-42 Child Support Guideline Form that had a recommended child support payment of $206 per month, based on monthly earnings of $324 for the mother and $856 for himself. The mother answered and subsequently filed a CS-41 Child Support Obligation Income Statement/Affidavit form listing her gross monthly income at $2,333.
After conducting an ore tenus proceeding, the trial court entered a judgment denying the father’s petition and awarding the mother $1,000 as an attorney fee; the judgment was written on the case action summary.
The father appeals, arguing, among other things, that the trial court failed to apply the Rule 32 Child Support Guidelines, Ala. R. Jud. Admin., and erred in awarding the mother an attorney fee.
This court has consistently held that the application of Rule 32 child-support guidelines is mandatory in child-support actions filed on or after October 9, 1989. State ex rel. Department of Human Res. v. Hogg, 689 So.2d 131 (Ala.Civ.App.1996). A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing. In Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App.1994), this court issued the following directive:
“We hold, therefore, that the word ‘shall’ in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form.”
The father, 61 years old at the time of the hearing, testified that he had been employed as a civil structural engineer and was earning $72,000 per year from the Baldwin County Commission at the time of the divorce. He stated that he had been employed as a private consultant since that time and that his earnings had substantially decreased each year. He further stated that he estimated his average income to be $1,500 per month from his consulting and from boat-rental fees; that he was not voluntarily underemployed or unemployed; and that he expected to start receiving Social Security benefits at age 65. The mother testified that she had been employed with the board of education for the past three years and that she expected to earn $28,000 this year as a teacher.
The record contains a CS-42 form completed by the mother, showing monthly gross income of $2,333 for herself and imputing $5,000 per month to the father. The father admitted into evidence his federal income-tax returns showing a total income of $61,625 in 1997, $35,770 in 1998, and $10,267 in 1999. Because we are unable to discern how the trial court determined that the father’s child-support obligation should remain at $800 per month, other than by relying on the CS-42 form submitted by the mother, we reverse that portion of the judgment. On remand, the court is to get into the record all required child-support forms, properly completed, so that the court will have before it documents indicating the proper child-support obligation. Wise v. Wise, 751 So.2d 29 (Ala.Civ.App.1999); Ullrich v. Ullrich, 736 So.2d 639 (Ala.Civ.App.1999). If the court determines that application of the guidelines is manifestly unjust or inequitable, or that the father is voluntarily underemployed, and then deviates from the guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii). Hogg, supra.
Last, this court has held that the award of an attorney fee is within the sound discretion of the trial court. The award will not be set aside unless the trial court plainly and palpably abused its discretion in assessing the fee. Glover v. Glover, 678 So.2d 174 (Ala.Civ.App.1996); S.R.E. v. R.E.H., 717 So.2d 385 (Ala.Civ.App.1998). *554 Based on the record, we cannot say that the trial court erred in awarding the mother an attorney fee; however, if the court reduces the father’s child-support obligation, it should reconsider the mother’s attorney fee.
The mother’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.