881 So.2d 454 (2003)
Fernando E. HERBOSO
v.
Joanne HERBOSO.
2011077.
Court of Civil Appeals of Alabama.
May 23, 2003.
Rehearing Denied August 22, 2003.
Certiorari Denied November 7, 2003.
*455 Claude D. Boone, Mobile, for appellant.
Grady R. Edmondson, Mobile, for appellee.
Alabama Supreme Court 1022038.
PITTMAN, Judge.
Fernando E. Herboso ("the husband") appeals from the trial court's judgment of divorce that found him to be underemployed and ordered him, among other things, to pay $700 in monthly child support.
In April 2001, Joanne Herboso ("the wife") sued for a divorce from the husband after 23 years of marriage. Two children were born of the marriage; at the time of filing, one of the children had attained the age of majority. After ore tenus proceedings, the trial court entered a divorce judgment on January 7, 2002. In its judgment, the trial court, in pertinent part, stated:
"The Court finds that [the husband] is under employed; therefore, [the husband] shall pay to [the wife] the amount of $700.00 each month as child support. (Child support is NOT in compliance with [Ala. R. Jud. Admin.] ARJA Child Support Guidelines but is based on the [husband]'s under employment)."
Among other things, the trial court further determined that the husband would receive four parcels, and the wife seven parcels, of real property in Mobile County; that the husband would receive the real and personal property of the parties' used-car business (H.F. Auto Sales) and would assume responsibility for all indebtedness thereon; that the husband would be responsible for the joint indebtedness incurred during the term of the marriage, except for the mortgage indebtedness on the wife's property; that the parties could retain any financial accounts in their individual names; that the parties would split equally all retirement accounts and pensions owned by the husband, any other financial accounts owned jointly by the parties, and the parties' $600 income-tax refund; that the husband would pay the wife $500 in monthly periodic alimony; that the wife would receive a 1999 Mitsubishi *456 automobile (with the husband being responsible for the indebtedness owed thereon as additional spousal support); that the husband would receive a 1994 Chevrolet Tahoe sport-utility vehicle; and that the husband was to maintain the college fund that he had opened for the benefit of the minor child's college education.
The wife and the husband subsequently filed postjudgment motions pursuant to Rule 59, Ala. R. Civ. P.; they later expressly agreed that those motions could remain pending for more than 90 days after their filing (see Rule 59.1, Ala. R. Civ. P.). The trial court conducted a hearing on the parties' postjudgment motions; the trial court then entered an order correcting a clerical error in its judgment but denying all substantive relief sought by the parties. The husband timely appealed.
On appeal, the husband argues that the trial court erred (1) in finding him to be underemployed and in setting his child support at $700 per month, and (2) in imposing financial obligations that, in the aggregate, exceed his claimed ability to pay.
A divorce judgment based on evidence presented ore tenus is afforded a presumption of correctness. See Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App.2001). Such a judgment will be reversed only where it is unsupported by the evidence so as to be plainly and palpably wrong. Id. at 733.
Under Rule 32(B)(5), Ala. R. Jud. Admin., "[i]f the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income." The determination whether a parent is voluntarily underemployed within the meaning of Rule 32(B)(5) "is to be made from the facts presented according to the judicial discretion of the trial court." Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ.App.1992). Although the husband argues that the trial court did not find him to be voluntarily underemployed, the trial court's imputation of income to him and its express determination that its child-support award was not in compliance with the Child Support Guidelines because of the husband's underemployment indicates that the trial court implicitly found the husband to be voluntarily underemployed. It is well settled that "where the trial court does not make specific factual findings, this court will assume that the trial court made such findings as would support its judgment." Berryhill v. Reeves, 705 So.2d 505, 507 (Ala.Civ.App.1997).
The record reveals that, whereas the wife was a housewife for a large portion of the parties' 23-year marriage, the husband had acquired experience in multiple fields of work, including managing rental properties and selling automobiles, which tended to indicate that the husband had a greater earning potential that the wife; the evidence further indicated that the husband earned a taxable income of approximately $71,000 in 2000. However, there was evidence that the husband had voluntarily quit his "offshore" job with Marathon Oil Company by accepting an early retirement package. Also, the record reveals that the husband unilaterally closed down the parties' used-car business shortly before trial. Although the husband testified that that business had been losing money and that he was forced to shut down that business, that testimony was called into question by evidence that the husband had paid himself $24,000 from the business in 2001 as a salary. The husband also testified to having acquired a real-estate agent's license and to having *457 acquired a position with a realty company in Mobile. Finally, there was evidence that the husband had made a voluntary and unilateral decision to enroll the parties' minor child in the Alabama Prepaid Affordable College Tuition Plan and that he had obligated himself to make the monthly payments on that plan before the trial court's divorce judgment had set his future child-support obligation.
Rule 32(B)(5) of the Alabama Rules of Judicial Administration states that, in determining how much income should be imputed to a party paying child support, the court should determine the employment potential and probable earning level of that parent, based on that parent's recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community. After reviewing the testimony and evidence contained in the record, we cannot say that the trial court abused its discretion in finding that the husband was voluntarily underemployed.
However, we agree with the husband that the trial court erred in arbitrarily setting the husband's monthly child-support obligation at $700 based upon a mere finding of underemployment. As we have noted, Rule 32(B)(5), Ala. R. Jud. Admin., states that, upon a finding that a parent is voluntarily underemployed, the trial court "shall estimate the income that parent would otherwise have," "shall impute to that parent that income," and "shall calculate child support based on that parent's imputed income." In other words, a finding that a parent is underemployed does not by itself warrant a deviation from the child-support guidelines; rather, it mandates application of the guidelines using the income the underemployed parent is capable of earning. To the extent that Dorgan v. Dorgan, 811 So.2d 552 (Ala.Civ.App.2001), held to the contrary by indicating that a trial court's determination of a parent's underemployment requires a written finding that application of the child-support guidelines would be unjust or inappropriate, its holding is inconsistent with Rule 32(B)(5), Ala. R. Jud. Admin., and Dorgan is hereby overruled to that extent.
Rule 32(A), Ala. R. Jud. Admin., provides that "[t]here shall be a rebuttable presumption ... that the amount of the [child-support] award which would result from the application of [the] guidelines is the correct amount of child support to be awarded." In this case, rather than calculating the income that the husband was capable of earning, imputing that income to him, and applying the guidelines, the trial court expressly disavowed application of the guidelines and ordered the husband to pay child support of $700 per month based solely upon its finding that the husband was voluntarily underemployed. In doing so, the trial court erred; the presumption set forth in Rule 32 is not rebutted simply because a trial court must impute income to an unemployed or an underemployed parent. The judgment of the trial court is therefore due to be reversed insofar as that judgment required the husband to pay $700 per month in child support, and the cause is remanded for further proceedings. On remand, the trial court should recalculate child support by applying the child-support guidelines to the parties'"income," i.e., "actual gross income of a parent, if the parent is employed to full capacity, or the actual gross income the parent has the ability to earn if the parent is unemployed or underemployed." Rule 32(B)(1), Ala. R. Jud. Admin.
The husband also argues that the trial court erred when it imposed upon him financial obligations that, in the aggregate, exceed his ability to pay. The division of *458 property and the award of alimony pursuant to a divorce judgment are matters soundly within the discretion of the trial court. See Wilson v. Wilson, 709 So.2d 1264 (Ala.Civ.App.1998). In O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996), this court stated:
"This court has long recognized that the purpose of periodic alimony is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage."
In awarding alimony, "[t]he trial judge can consider the earning ability of both parties, their probable future prospects for earnings, the duration of the marriage, their ages, health, and station in life, and the conduct of the parties with reference to the cause of the divorce." Ex parte Jackson, 567 So.2d 867, 868 (Ala.1990).
The record shows that the trial court considered all of those factors, including the husband's past earnings, when that court awarded periodic alimony incident to its dissolution of the parties' 23-year marriage. In finding the husband to be underemployed with respect to determining its child-support award, the trial court implicitly found that the husband would be able to meet his financial obligations by obtaining appropriate employment for which he was qualified. Moreover, the trial court's judgment awarded to the husband various properties from which he may derive income to pay the obligations to the wife that have been imposed by the trial court. Further, there was evidence that the husband was, at times, physically and verbally abusive to the wife and that he had committed adultery on at least one occasion.
Considering the disparity between the earning capacities of the parties, as well as the conduct of the husband and the strong presumption in favor of the trial court's judgment, we cannot say that the trial court's award of alimony is palpably wrong or unjust so as to warrant reversal; that aspect of the trial court's judgment is, therefore, due to be affirmed. However, we note that our reversal as to the husband's child-support obligation will necessitate further proceedings in the trial court; we further note that the Supreme Court's Advisory Committee on Child Support Guidelines and Enforcement has recommended in the commentary to Rule 32, Ala. R. Jud. Admin., that "child support obligations be determined before the court considers spousal support or other obligations" (emphasis added). Thus, we conclude that the trial court retains the authority, on remand, to adjust its alimony award if that court determines that the child-support award made in compliance with our mandate, coupled with the trial court's previous award of alimony, will result in an undue hardship with respect to the husband.
In light of the foregoing facts and authorities, the judgment of the trial court is reversed as to the award of child support, but it is affirmed as to all other issues presented. The cause is remanded for further proceedings consistent with this opinion. The wife's request for an award of attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., concurs in part and dissents in part.
*459 YATES, Presiding Judge, concurring in part and dissenting in part.
I agree with the majority that the trial court was required, under Rule 32(B)(5), Ala. R. Jud. Admin., to estimate the income of the underemployed husband by determining his employment potential and his probable earning level based on his recent work history, education, and occupational qualifications and on the prevailing job opportunities and earning levels. However, I disagree with the majority's overruling of Dorgan v. Dorgan, 811 So.2d 552, 553 (Ala.Civ.App.2001), in which his court held:
"A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing....
"....
"... If the court determines that application of the guidelines is manifestly unjust or inequitable, or that the father is voluntarily underemployed, and then deviates from the guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii)."
I do not believe that Dorgan is inconsistent with Rule 32(B)(5).
Rule 32, Ala. R. Jud. Admin., provides, in pertinent part:
"(A) Child Support Guidelines Established. Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:

"....
"(ii) A determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable."
(Emphasis added.)
Rule 32(A)(1) goes on to set out reasons a trial court may have for deviating from the guidelines. While underemployment is not expressly mentioned, the rule goes on to state that "[t]he court may deviate from the guidelines even if no reason enumerated in this section exists, if evidence of other reasons justifying deviation is presented." Rule 32(B)(5) follows, providing that if the court finds that a parent is voluntarily unemployed or underemployed, it shall estimate the income of that parent and impute that income to the parent in determining child support.
Child-support obligations are determined by using the appendix to Rule 32. However, the amount reflected on the appendix may be adjusted based on factors found in Rule 32. Imputed income to a parent who is voluntarily unemployed or underemployed is a factor that may rebut the presumptive amount found in the appendix. Before imputing income to a parent, the trial court must first determine the presumptive amount of child support. If a trial court imputes income to a parent, it must make written findings explaining why imputed income to the parent would make it unjust or inappropriate to award the presumptive amount of child support. Therefore, I disagree with the majority's holding that a written finding that application of the child-support guidelines would *460 be unjust or inappropriate is inconsistent with Rule 32(B)(5).