I agree with the majority that the trial court was required, under Rule 32(B)(5), Ala. R. Jud. Admin., to estimate the income of the underemployed husband by determining his employment potential and his probable earning level based on his recent work history, education, and occupational qualifications and on the prevailing job opportunities and earning levels. However, I disagree with the majority's overruling of Dorgan v. Dorgan,811 So.2d 552, 553 (Ala.Civ.App. 2001), in which his court held:
 "A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing. . . .
". . . .
 ". . . If the court determines that application of the guidelines is manifestly unjust or inequitable, or that the father is voluntarily underemployed, and then deviates from the guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii)."
I do not believe that Dorgan is inconsistent with Rule 32(B)(5).
Rule 32, Ala. R. Jud. Admin., provides, in pertinent part:
 "(A) Child Support Guidelines Established. Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:
". . . .
 "(ii) A determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable."
(Emphasis added.)
Rule 32(A)(1) goes on to set out reasons a trial court may have for deviating from the guidelines. While underemployment is not expressly mentioned, the rule goes on to state that "[t]he court may deviate from the guidelines even if no reason enumerated in this section exists, if evidence of other reasons justifying deviation is presented." Rule 32(B)(5) follows, providing that if the court finds that a parent is voluntarily unemployed or underemployed, it shall estimate the income of that parent and impute that income to the parent in determining child support.
Child-support obligations are determined by using the appendix to Rule 32. However, the amount reflected on the appendix may be adjusted based on factors found in Rule 32. Imputed income to a parent who is voluntarily unemployed or underemployed is a factor that may rebut the presumptive amount found in the appendix. Before imputing income to a parent, the trial court must first determine the presumptive amount of child support. If a trial court imputes income to a parent, it must make written findings explaining why imputed income to the parent would make it unjust or inappropriate to award the presumptive amount of child support. Therefore, I disagree with the majority's holding that a written finding that application of the child-support guidelines would *Page 460 
be unjust or inappropriate is inconsistent with Rule 32(B)(5).